UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11272-RGS

ANRION CORP and ANDREI MANN

v.

TATIANA IVANOVA and NATHALIE ROICOMTE-CAVALLARI

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

December 9, 2022

STEARNS, D.J.

Plaintiffs Anrion Corp and its principal, Andrei Mann, brought this diversity action against Tatiana Ivanova, a long-time business associate of Mann. Plaintiffs object to the sale by Ivanova of two French properties that were held by an investment company jointly owned by Mann and Ivanova (SCI Maniv), allegedly without Mann's consent or knowledge. Mann also brings claims against a French *Notaire*, Nathalie Roicomte-Cavallari, who is accused of fraudulently verifying sales documents concerning the two properties. Mann finally asserts claims against Ivanova arising from the financial support (from 1997 to 2017) and business compensation (from

2004 to 2018) he had given her over the years.[1]  In her response, Ivanova asks the court to dismiss the Verified Complaint, contending that the claims are barred by the statute of limitations and Mann's contractual obligations under a purported Authorization and Agency Agreement executed by Mann.

## BACKGROUND

The facts, viewed in the light most favorable to plaintiffs as the nonmoving parties, are drawn from the Verified Complaint and the documents it incorporates by reference.[2]  Mann and Ivanova are both Russian nationals living in the United States.  Mann is an entrepreneur who resides in New York; plaintiff Anrion Corp., is based in Florida; and Ivanova, Mann's erstwhile business partner, is a resident of Massachusetts.  Compl. ¶¶ 1, 3 [Dkt #1].  Roicomte-Cavallari presumably is a resident of France.

---

[1] These claims raise a statute of limitations issue.  Typically, the limitations period of the forum state is applied by a federal court acting on diversity jurisdiction–in Massachusetts, the limitations period is six years on a breach of contract claim.  *See New England Tel. & Tel. Co. v. Gourdeau Constr. Co.*, 419 Mass. 658, 663 (1995) (Massachusetts will borrow the statute of limitations of another jurisdiction only in very limited situations.).

[2] While the court is "generally limited to considering facts and documents that are part of or incorporated into the complaint, . . . a district court may also consider documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (citations and internal quotations marks omitted; alteration in the original).

Mann and Ivanova have been involved in various business ventures as collaborators and colleagues for more than 30 years. *Id.* ¶ 7.

Mann and Ivanova incorporated SCI Maniv, an investment company based in Saint-Raphael France, on June 14, 1996, with each owning a 50% stake. *Id.* ¶ 5. SCI Maniv purchased two apartment units (B052 and B031/32) in southern France for some $1.5 million, a sum advanced in equal shares by Mann and Ivanova. *Id.* ¶¶ 13-14. Mann and Ivanova each took a unit for personal use. *Id.* ¶ 16.

Over the course of their thirty-year relationship (from 1997 to 2017), Mann provided Ivanova and her family financial assistance worth roughly $1.2 million, including advances of $301,018 in 2016, and $13,325 in 2017. *Id.* ¶¶ 19-20. Additionally, Mann's Massachusetts company, Amazon Construction LLC (Amazon), hired Ivanova in a managerial position in December of 2004. *Id.* ¶¶ 23-24. Over the next fourteen years, Amazon paid Ivanova a yearly salary of $240,000. Compl. ¶ 26. The payments were made from Mann's personal account. *Id.* ¶ 32.

Ivanova also made a $2.3 million business loan to Mann. *Id.* ¶ 40. The loan was memorialized in a Promissory Note (Note) that Mann signed on June 26, 2012. Def.'s Mem. at 22 [Dkt #6]. Six years later, on May 23, 2018, Mann agreed to amend the Note by executing an Authorization and Agency

3

Agreement (Agreement) that recited a balance of $1.53 million in principal and interest still owed to Ivanova. *Id.* The Agreement: (1) granted Ivanova a power of attorney for the purpose of selling the French properties; (2) allowed the net proceeds from the sale of the properties to be applied towards the reduction of the amount due to Ivanova under the Note; and (3) conferred authority on Ivanova to control both the sale of the properties and the disbursement of the sale proceeds. *Id.* at 6.

Mann, for his part, disputes the validity of the Agreement. *See* Compl. ¶¶ 40-48. Mann contends that the Agreement is invalid, first because it was drafted by Ivanova's personal attorney without his participation. *Id.* ¶ 40. Second, Mann claims to have no recollection of ever signing the Agreement. *Id.* ¶ 41. Third, the *Notaire* dated the witnessing of his signature on April 23, 2018, while Mann is alleged to have signed the Agreement on May 23, 2018. *Id.* Fourth, Mann asserts he could not have signed the Agreement on either date because he had travelled to Russia in April of 2018 and then to Italy in May *Id.* ¶ 41. Finally, Mann claims that he detrimentally "over-relied on Ivanova without proper accounting or auditing of mutual payments and liabilities." *Id.* ¶ 43.

Relying on the disputed Agreement, Ivanova directed SCI Maniv to sell the two French properties. Ivanova sold the first property in June of 2019

4

for over $1 million, and the second in July of 2022 for approximately $1.2 million. *Id.* ¶¶ 50-55. Roicomte-Cavallari assisted Ivanova in the sales, both of which occurred allegedly without Mann's knowledge or authorized signature. *Id.* ¶¶ 51-54. Mann claims that Ivanova deposited the sales proceeds in her personal bank account. *Id.* ¶ 53.

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 556. Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008), quoting *Twombly*, 550 U.S. at 545.

Regarding the sales of the two French properties, Ivanova argues that French law governs while Mann contends that Massachusetts law applies. As a proposition of law, Ivanova's position is the correct one. "Massachusetts has long held that the law of the place where real property is located governs." *U.S. Bank Nat'l Ass'n v. Bolling*, 90 Mass. App. Ct. 154, 155 (2016), quoting Glannon & Teninbaum, *Conflict of Laws in Massachusetts Part I: Current Choice-of-Law Theory*, 92 Mass. L. Rev. 12, 23 (2009). The same is true of Mann's claims that Ivanova beached the fiduciary duty owed to him as a stakeholder in SCI Maniv, a corporation formed under the French Commercial Code which defines the reciprocal duties owed in France by shareholders or partners in a close corporation. It is to French law that a Massachusetts court would turn in resolving an intra-corporate dispute. *See Atherton v. Federal Dep. Ins. Corp.*, 519 U.S. 213, 224 (1997). ("States normally look to the State of a business' incorporation for the law that provides the relevant corporate governance general standard of care."). And finally, it is French law that would govern the duty, if any, that Roicomte-Cavallari, the *Notaire*, owed to Mann as a third party. In France, civil-law notaries are highly trained lawyers, vested as public officers with the authentication power of the State, who are therefore subject to a broader

6

scope of fiduciary duty than a mere notary public, although how broad this duty is cannot be determined without reference to French law.

But this is as far as it goes. Under Mass. Gen. Laws ch. 233, § 70, "[t]he courts shall take judicial notice of the law . . . of a foreign country whenever the same shall be material." It is not enough, however, to merely direct the court's attention to the law of another country. "The party seeking to rely on foreign law must provide 'clear proof of the relevant . . . legal principles' to the trial court, even though the issue is reviewed as a question of law on appeal." *In re Griffin Trading Co.*, 683 F.3d 819, 824 (7th Cir. 2012) (quoting *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1006 (5th Cir. 1990)). *See also Hanson v. Hanson*, 287 Mass. 154, 160 (1934); Fed. R. Civ. P. 44.1 (requiring that a party intending to raise any issue about a foreign country's law give notice by a pleading or other writing of the content of that law).

Mann has been down this road before after being sued by Russian plaintiffs seeking to recover millions of dollars in defaulted loans in another session of the court. As that session's court observed:

> Mann is the party seeking to invoke Russian law, but he has provided no material to help this Court define its contours. . . . If Mann continues to invoke the law of the Russian Federation, he shall provide this Court with a more complete presentation thereof, addressing more fully, inter alia, what law governs plaintiffs' claims and whether there is an actual conflict between

7

>the legal regimes in question as they pertain to the allegations in the complaint.

*Dmitriev v. Mann*, No. 21-40068-NMG, 2022 WL 1028685, at *3 (D. Mass. Apr. 6, 2022) (Gorton, J.). Here, Ivanova is the party seeking to invoke French law, but she has not briefed the court on the salient provisions of French law on which she relies. The court will give her leave to provide notice of the conflict of law issue by way of a certified translation of the relevant provisions of French code with an explanation of how she believes it should be applied.[3] Defendant Ivanova will have thirty days from today's date (until January 9, 2023) to comply with the court's directive. Mann will have fifteen (15) days thereafter (until January 24, 2023) to reply.[4]

SO ORDERED.

UNITED STATES DISTRICT JUDGE

---

[3] Foreign law may also be proved by expert testimony. *E. Offices, Inc. v. P. F. O'Rourke Advert. Agency, Inc.*, 289 Mass. 23, 26 (1955) ("The attention of a trial judge may be directed to the law of another jurisdiction by oral testimony of a qualified witness as well as by the citation of statutes and decisions.").

[4] The court will defer ruling piecemeal on the remaining issues of material significance, notably the applicability of the statute of limitations to certain of the claims and the viability of the unjust enrichment and conversion claims until such time as the pleadings are perfected.